**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GMG CAPITAL PARTNERS III, L.P.,[1] | Case No. Case No. 13-[  ] ([  ]) |
| Debtors. | (Motion for Joint Administration Pending) |

### DECLARATION OF JEFFREY GILFIX PURSUANT TO RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK

I, Jeffrey Gilfix, hereby declare, pursuant to section 1746 of title 28 of the United States Code, as follows:

1.      I am Chief Operating Officer of GMG Capital Investments, LLC (the "General Partner"), which is the general partner of the debtors and debtors in possession of these cases: GMG Capital Partners III, L.P. ("GMG III") and GMG Capital Partners III Companion Fund, L.P. ("Companion Fund," and collectively with GMG III, the "Debtors").  I have been acting in this capacity since 2001.  I am familiar with the general and financial affairs of the Debtors.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.  I am authorized to submit this Declaration on behalf of the Debtors.

2.      On September 10, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors, each Manhattan-based limited partnerships organized under the law of Delaware, are two of four affiliated investment funds.  The Debtors' assets consist of their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: (i) GMG Capital Partners III, L.P. (9146), and (ii) GMG Capital Partners III Companion Fund, L.P. (0603).

venture capital investments – equity securities in three entities – and accounts receivable in the form of unpaid fees due from certain of their limited partners.  The Debtors' operations are largely managed in Manhattan through JDJ Management, LLC ("JDJ").  JDJ is controlled by the same principals as is the General Partner.

3.      Specifically, GMG III is a venture capital fund formed in August, 2001. The fund was formed on the heels of two prior successful funds, and many investors from those prior funds expressed interest in investing in GMG III, and many did just that.  Several investments were already targeted prior to the establishment of the fund.  Eventually, four separate limited partnerships were formed:

> GMG Capital Partners III, LP
> GMG Capital Partners III Companion Fund, LP
> GMG Capital Partners IIIA, LP
> GMG Capital Partners IIIB, LP

4.      Although each partnership has different limited partners, the partnerships are related in that they have the same general partner, and they invested in the same portfolio companies at the same pro rata allocation to allocate the dollars invested between those portfolio companies.  Stated another way, a $1 million investment in Debtor GMG III would hold the same investments as a $1 million investment in Debtor Companion Fund, while a $500,000 investment in Debtor Companion Fund would hold half of such investments on a pro rata basis. In all, approximately $183 million of capital commitments from limited partners were obtained by GMG III, Companion Fund, IIIA, and IIIB, and investments were made in 13 different portfolio companies.

5.      The collapse of the investment markets, and the advent of the terrorist attacks of September 11, 2001 – just one month following GMG III's formation – significantly affected GMG III and its sister funds, including unexpected difficulties in raising money for the funds,

2

difficulties in raising money for our portfolio companies, delays in growth and realizing revenues by the portfolio companies (necessitating the continuation of fund raising beyond targeted dates and targeted amounts), and the disappearance, for all intents and purposes, of the initial public offering market, a major avenue to obtain liquidity for these privately held investments.  Several of GMG III's portfolio companies, despite creating what were considered excellent technologies, could not survive these challenges and went out of business.  Nonetheless, the Debtors still hold investments.

6.      GMG III and the other partnerships currently carry investments in three remaining portfolio companies:  1) Open Peak, Inc.; 2) Lancope, Inc.; and 3) X-Factor Communications, LLC.  GMG III has 44 limited partners, while Companion Fund has 61 limited partners.

7.      Precipitating the Debtors' chapter 11 filing, was a money judgment for breach of contract against the Debtors and certain of their affiliates, jointly and severally, entered by the Superior Court for the State of Delaware on June 21, 2013. The amount of the money judgment was approximately $6.950 million. Because the Debtors assets are illiquid at this time, neither Debtor is in position to satisfy that judgment.

8.      Depending on the methodology of valuation used, the Debtors may be solvent, even though they have no cash.  One such valuation performed by the Debtors collectively results in as much as approximately $24 million in assets among the two Debtors (of approximately $41 million allocated to the Debtors and its non-Debtor sister funds).    The Debtors believe their aggregate debt is approximately $9 million.  The Debtors' value and ability to pay their creditors in full, however, ultimately hinges on whether their investments in a certain venture, Open Peak, and to a lesser extent, their investments in Lancope, come to fruition.  I am

2268662-1

fairly confident this will be the case. In the interim, however, the Debtors' assets are not ripe for disposition.

9.      On account of the judgment, a writ of garnishment was issued against Debtor GMG III, which holds most of the Debtors' shares in their investments for itself and on behalf of Debtor Companion Fund and non-debtor affiliates.  Should GMG III be forced to transfer the Debtors' Open Peak and Lancope shares to the judgment creditor, Athenian Venture Partners I, LLC ("Athenian"), Athenian will be unjustly enriched by obtaining the entire upside of these investments.  This upside is rightly the recovery belonging to the Debtors' stakeholders.  If Athenian succeeds, the Debtors will be unable to make *any* distribution to their remaining creditors; and the Debtors' stakeholders would receive no recoveries from what might very well be solvent entities. In short, fortuitous timing of the judgment would provide a windfall to Athenian – granting it a potential recovery in multiples of its claim amount while leaving the remaining creditors and stakeholders with nothing.

10.      Through the chapter 11 process, the Debtors intend to utilize their exclusivity periods to formulate a plan.  The Debtors have no secured creditors and no bank account.  Their employee wages, rent, vendors and utilities and the like are advanced by JDJ.  The Debtors do not intend at this time to seek immediate emergency relief, but reserve rights to file "first-day motions" as needed The Debtors initially do seek joint administration, a 30 day extension of time to file their schedules and statements of financial affairs and retention of Olshan Frome Wolosky LLP as counsel.

11.      Attached hereto is a list of the schedules of information required by Local Rule 1007-2.  This information is accurate to my information and belief.  However, the Debtors reserve all rights to supplement and revise this information.

4

2268662-1

12.     I hereby declare under the penalty of perjury that the foregoing statements are true

and correct to the best of my knowledge, information and belief.

Dated: September 10, 2013
       New York, New York

                                          _____
                                          **Jeffrey Gilfix**
                                          **Chief Operating Officer**
                                          **GMG Capital Investments, LLC**

## SCHEDULE 1

### 20 Largest Unsecured Claims

As required under Local Rule 1007-2(a)(4), the following is a schedule of the Debtors' 20 largest unsecured claims.

| CREDITOR | CONTACT | ADDRESS & TELEPHONE NO. | AMOUNT OF CLAIM | CONTINGENT, UNLIQUIDATED, DISPUTED, OR PARTIALLY SECURED |
|---|---|---|---|---|
| 1.  Athenian Venture Partners I, L.P. | | 340 West State Street, Unit Suite 29, Ste 137D Athens, OH 45701 | $6,950,000.00 | Unliquidated |
| 2.  JDJ Management, LLC[2] | | 575 Lexington Avenue, Suite 2890 New York, New York 10022 | $1,075,067.98 | |
| 3.  Potter Anderson Corroon | | 1313 North Market Street PO Box 951 Wilmington, DE 19899 | $308,116.00 | |
| 4.  Keevican Weiss Bauerle & Hirsch LLC | | Federated Investors Tower 1001 Liberty Avenue, 11th Floor Pittsburgh, PA 15222 | $161,828.00 | |
| 5.  Greenberg Traurig LLP | | 3333 Piedmont Rd, NE, Suite 2500 Atlanta, GA 30305 | $101,721.75 | |
| 6.  Nordlicht & Hand | | Olympic Tower 645 Fifth Avenue New York, NY 10022 | $48,019.00 | |

---

[2] JDJ Management, LLC is the Debtors' management company.

| CREDITOR | CONTACT | ADDRESS & TELEPHONE NO. | AMOUNT OF CLAIM | CONTINGENT, UNLIQUIDATED, DISPUTED, OR PARTIALLY SECURED |
|---|---|---|---|---|
| 7.   Corporate Power, Inc. | | 62 William Street, 5th Floor<br>New York, NY 10005 | $28,284.75 | |
| 8.   Donald L. Gouge, Jr., LLC | Donald L. Gouge, Jr. | 800 N. King Street, Suite 303<br>Wilmington, DE 19801 | $13,773.00 | |
| 9.   United Healthcare Oxford | | 48 Monroe Turnpike<br>Trumbull, CT 06611 | $5,629.50 | |
| 10.  Susan Lakosil | | 4290 Randolph Street<br>San Diego, California 92103 | $4,785.00 | |
| 11.  Staples Credit Plan | | Dept 51 – 7819342675<br>PO Box 689020<br>Des Moines, IA 50368-9020 | $4,237.22 | |
| 12.  Level 3 | | 550 South 24th St<br>West, Suite 103<br>Billings, MT 59102 | $1,533.00 | |
| 13.  SignalPoint-New York | | PO Box 371874<br>New York, NY 10087 | $1,074.00 | |
| 14.  T-Mobile | | PO Box 790047<br>St. Louis, MO 63179 | $573.75 | |
| 15.  Federal Express | | PO Box 371461<br>Pittsburgh, PA 15250-7461 | $486.75 | |

| **CREDITOR** | **CONTACT** | **ADDRESS & TELEPHONE NO.** | **AMOUNT OF CLAIM** | **CONTINGENT, UNLIQUIDATED, DISPUTED, OR PARTIALLY SECURED** |
|---|---|---|---|---|
| 16. Pitney Bowes | | Purchase Power<br>PO Box 371874<br>Pittsburgh, PA 15250 | $361.50 | |
| 17. Verizon (Fax) | | PO Box 15124<br>Albany, NY 12212 | $226.50 | |
| 18. Verizon Wireless | | PO Box 408<br>Newark, NJ 07101-0408 | $222.00 | |

## <u>SCHEDULE 2</u>

### 5 Largest Secured Claims

As required under Local Rule 1007-2(a)(5), the following lists the Debtors' largest secured claims.[3]

     None.

---

[3] The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors.

2268662-1

## SCHEDULE 3

### Summary of Assets and Liabilities

As required under Local Rule 1007-2(a)(6), the following is a summary of the Debtors' assets[4] and liabilities.  The following data is the most current information available and reflects the Debtors' financial condition as of the Petition Date.  The information set forth below shall not constitute an admission on behalf of the Debtors, nor is it binding upon the Debtors.  The Debtors reserve all rights to challenge the priorities, nature, amount, and status of any claim or debt and of any lien or security interest securing such interest or debt.

Total Assets:  $ 24.6 million

Total Liabilities:  $ 8.8 million

---

[4] The Debtors' assets are listed at "book value" and are not intended to be a representation of fair market value, which fair market value may be materially different.

2268662-1

## <u>SCHEDULE 4</u>

**Information Relating to Publicly Held Stock, Debenture and Securities of the Debtors**

As required under Local Rule 1007-2(a)(7), the following is a list of the stock, debenture and other securities of the debtor that are held by the Debtors' directors and officers.

None.

## SCHEDULE 5

**Debtors' Property Not in the Debtors' Possession**

As required under Local Rule 1007-2(a)(8), the following describes the Debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents, secured creditor or agent for any such entity.

      None.

## **SCHEDULE 6**

### Debtors' Owned and Leased Property

As required under Local Rule 1007-2(a)(9), the following lists premises owned, leased or held under other arrangement from which the Debtors operate their business.

### Owned Property

None.

### Leased Property (Leased By Management Company)

| Business Address | Landlord | Landlord Address |
|---|---|---|
| 575 Lexington Avenue, Suite 2890 New York, New York 10022 | Maple REEP-OFC 575 Lex Owner | PO Box 28344 New York, New York 10087 |

## SCHEDULE 7

As required under Local Rule 1007-2(a)(10), the following describes the location of the Debtors' substantial assets, the location of its books and records, and the nature, location, and value of any assets held by the Debtors outside the territorial limits of the United States.

### Location of the Debtors' Substantial Assets

1. <u>Asset</u>:  CASH as of Petition Date

   None.

2. <u>Asset</u>:  ACCOUNTS RECEIVABLE as of Petition Date

| DESCRIPTION | AMOUNT |
|---|---|
| Management Fees | $1,300,592.00 |

3. <u>Shares</u>: All shares of stock owned by Debtors are held in New York, New York.

4. <u>Asset</u>:  SECURITY DEPOSITS, DEFERRED LEASES AND OTHER INTANGIBLES as of Petition Date.

| TYPE | AMOUNT |
|---|---|
| Security Deposits | **None** |

### Location of the Debtors' Books and Records

The Debtors' books and records are maintained at 575 Lexington Avenue, Suite 2890, New York, New York 10022.

### Nature, Location, and Value of Assets Located Outside of the United States

The Debtors do not have assets outside of the territorial United States.

## SCHEDULE 8

**Litigation Commenced Against the Debtors**

As required under Local Rule 1007-2(a)(11), the following is a list of the nature and status of each action or proceeding against the Debtors where a judgment against the Debtors or a seizure of their property may be imminent.

| ACTION OR PROCEEDING | NATURE OF ACTION | STATUS OF ACTION |
|---|---|---|
| Athenian Venture Partners I, L.P., et al v. GMG Capital Investments, LLC, et al, No. 08C-04-084 DCS, Superior Court of the State of Delaware in and for New Castle County | Breach of Contract | Judgment Entered, Writ of Garnishment Issued |

## SCHEDULE 9

### Senior Management

As required under Local Rule 1007-2(a)(12), the following lists the names of the individuals who comprise the Debtors' existing senior management, their tenure with the Debtor, and a brief summary of their relevant responsibilities and experience.

| NAME/POSITION | EXPERIENCE/RESPONSIBILITIES |
|---|---|
| Joe Gfoeller – *Managing Partner* | Mr. Gfoeller has been Managing Partner since 2001, and has over 20 years experience in venture capital. |
| Dave Mock – *Chief Investment Officer* | Mr. Mock has been Chief Investment Officer since 2001, and has over 30 years experience in venture capital. |
| Jeffrey Gilfix – *Chief Financial Officer* | Mr. Gilfix has been Chief Financial Officer since 2001, and has over 15 years experience in venture capital. |

# SCHEDULE 10

**Payments to Employees, Officers, Directors, Stockholders,
and Financial and Business Consultants**

As required under Local Rule 1007-2(b)(1)-(2), the following provides (i) the estimated amount of weekly payroll to the Debtors' employees (exclusive of officers, directors, and stockholders) for the 30 day period following the filing of these chapter 11 petitions; (ii) the estimated amount proposed to be paid to officers, directors, and stockholders for services for the 30 day period following the filing of these chapter 11 petitions; and (iii) the estimated amount proposed to be paid to financial or business consultants for services for the 30 day period following the filing of these chapter 11 petitions.

| | |
|---|---|
| **PAYMENTS TO EMPLOYEES (NOT INCLUDING OFFICERS, DIRECTORS, AND STOCKHOLDERS)** | $0 |
| **PAYMENTS TO OFFICERS AND DIRECTORS** | $0 |
| **PAYMENTS TO STOCKHOLDERS** | $0 |
| **PAYMENTS TO FINANCIAL OR BUSINESS CONSULTANTS** | $0 |

## SCHEDULE 11

### Cash Receipts and Disbursements, Cash Gain or Loss, and Unpaid Obligations and Receivables

As required under Local Rule 1007-2(b)(3), the following is a schedule for the 30 day period following the filing of these chapter 11 petitions of estimated (i) cash receipts, (ii) cash disbursements, (iii) net cash gain or loss, (iv) obligations expected to accrue but remain unpaid, and (v) receivables expected to accrue but remain unpaid.

| | |
|---|---|
| **ESTIMATED CASH RECEIPTS** | $0 |
| **ESTIMATED CASH DISBURSEMENTS** | $0 |
| **ESTIMATED NET CASH GAIN OR LOSS** | $0 |
| **ESTIMATED OBLIGATIONS EXPECTED TO ACCRUE BUT REMAIN UNPAID (OTHER THAN PROFESSIONAL FEES)** | $0 |
| **ESTIMATED RECEIVABLES EXPECTED TO ACCRUE BUT REMAIN UNPAID** | $0 |

**<u>Exhibit A</u>**

**Corporate Organization Structure**

2268662-1

**<u>Organizational Structure</u>**

